IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-743-MHT |
| | ) (WO) |
| | ) |
| ALA. DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Christopher Smith, an inmate currently incarcerated at the Montgomery County Detention Facility. In this complaint, Smith challenges the constitutionality of actions taken against him by law enforcement officials which occurred in Bessemer, Alabama. Doc. 1 at 2–3. Specifically, Smith alleges the defendants subjected him to racial profiling and excessive force. He names the Alabama Department of Corrections ("ADOC"), the Investigations and Intelligence Division of the ADOC, Lt. Randall Sandlin and Investigator M. C. Dawkins as defendants.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

Upon review of the complaint, the undersigned finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[2]

## II. DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (When a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought.").

Bessemer, Alabama is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions made the basis of the instant complaint occurred in the Northern District of Alabama.  It likewise appears to the court

---

[2] Upon initiation of this civil action, Smith filed an application for leave to proceed *in forma pauperis*.  Doc. 2.  Under the circumstances of this case, the court finds that a ruling on the *in forma pauperis* application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

that the only defendants against whom this case may properly proceed, i.e., the individuals names as defendants, reside in the Northern District of Alabama.[3]  Moreover, it further appears that the majority of witnesses and evidence associated with the claims raised in the complaint are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[4]

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama as permitted by applicable federal law.

On or before **October 2, 2020**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

---

[3]The court notes that the Alabama Department of Corrections, including any division thereof, is an extension of the State, and, as such, is **Error! Main Document Only.**absolutely immune from suit under the Eleventh Amendment absent the State's consent to suit by explicit waiver of its immunity or upon abrogation of the State's immunity by Congress, neither of which has taken place in this case. *Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015); *see also Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit or Congress has abrogated the State's immunity, which has not occurred, the plaintiff cannot proceed against the State, any department of the State or division of such department as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to [or Congress has abrogated] the filing of such a suit.").

[4]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 18th day of September, 2020.

/s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE